UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TYCOON COMMISSIONS, LLC** | § § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-984-S |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY** | § § § § § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff TYCOON COMMISSIONS, LLC ("Plaintiff"), files Plaintiff's Amended Complaint, complaining of Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WESTCHESTER"). For cause of action, Plaintiff would respectfully show this Honorable Court the following:

### I.  PARTIES

1. Plaintiff TYCOON COMMISSIONS, LLC is a Texas Corporation.

2. Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY is an insurance company engaging in the business of insurance in the State of Missouri. This Defendant may be served with process with the agent at the following address: Mr. Paul Bech, Esq., Associate General Counsel, Chubb, 436 Walnut Street, Philadelphia, PA 19106. This Defendant has been served and made an appearance in this case.

### II.  JURISDICTION

3. The court has jurisdiction over the causes of action because the amount in controversy is within the jurisdictional limits of the court.

4. Pursuant to 28 U.S.C. § 2201(A) this court has jurisdiction over Defendant Westchester because it is registered to engage in the business of insurance in the State of Texas and the causes of action arising out of this Defendant's business activities in the State of Texas.

### III.  VENUE

5. Pursuant to 28 U.S.C. § 1391(A)(1) venue is proper in the Northern District of Texas because the insured property made basis of this suit is located in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE. §15.002.

### IV.  FACTS

6. Plaintiff TYCOON COMMISSIONS, LLC timely reported an insurance claim (the "Claim") regarding damage to the Commercial property located at 2443 Walnut Hill Dallas, Texas 75229 (the "Property") to Westchester Surplus Lines Insurance Company ("Westchester"). The insurance Claim was the result of covered storm damage to the Property on April 4, 2022. The damage to the Property was a covered loss under policy number FSF16338722 001 (the "Policy") and was assigned claim number KY22K2481644.

7. Westchester's conducted a substandard investigation and did not allow for all of the necessary repairs to the Property and failed to account for all of the covered damage. It is Plaintiff's position based on expert estimates that covered hail damage to the property necessitates roof replacement as well as other repairs totaling $565,276.83.

8. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of Westchester's liability to Plaintiff under the Policy. Specifically, Defendant instigated unfair, biased and inequitable evaluations by companies regularly engaged to conduct such evaluations, which did not properly consider the extent

of loss to the Property, and then relied upon such results as a basis for denying Plaintiff full compensation under the Policy. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(2)(A).

9. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made, despite numerous requests from Plaintiff for information. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of TEX. INS. CODE.§541.060(a)(3).

10. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant conduct constitutes a violation of TEX. INS. CODE.§541.060(a)(4).

11. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, and Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Westchester's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(7).

12. Westchester's failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated fifteen (15) days of receiving notice of Plaintiff's claim. Westchester's conduct constitutes a violation of TEX. INS. CODE §542.055.

13. Westchester failed to accept or deny Plaintiff's full and entire claim within statutorily mandated fifteen (15) business days of receiving all necessary information. Westchester's conduct constitutes a violation of TEX. INS. CODE §542.056.

14. Westchester failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Westchester has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim. Westchester's conduct constitutes a violation of TEX. INS. CODE §542.058.

15. From and after the time Plaintiff's claim was presented to Westchester, the liability of Westchester to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Westchester has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Westchester's conduct constitutes bad faith and a breach of the common law duty of good faith and fair dealing.

16. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant's committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice and pattern with regard to the handling of these types of claims. The Defendant's entire process is unfairly designed to reach favorable outcomes for the company, at the expense of policyholders.

17. Plaintiff incorporates paragraph 6 and 7 above and alleges here that Westchester improperly handled the first party property insurance claim. To that end, Westchester's engineer found hail damage to Plaintiff's roof but indicated the hail loss occurred on May 24, 2011 rather than on April 4, 2022 the reported date of loss within

Westchester's policy period and which the weather data showed one inch hail fell on that date. There was no testing or reasonable investigation done by the engineer supporting the opinion that the 2011 date of loss is what damaged the roof and predated Westchester's policy. Here, Westchester accepted plaintiff's premium for the 2021-2022 policy term in the amount of $11,933.00. In exchange Westchester insured Plaintiff's property for $1.2 million. By accepting Plaintiff's premium, Westchester accepted the risk as is in 2021 when the policy was placed, and it was Westchester's obligation to conduct an underwriting inspection relative to the property's condition to determine if the property was an acceptable and insurable risk. Here, it is unknown to Plaintiff if an underwriting inspection was done, but again, that would be Westchester's responsibility. Further, as to additional claims handling issues, Plaintiff's representative made an appraisal demand pursuant to the insurance contract on December 29, 2022, and it appears unlike the contractual obligations, Westchester never responded to the appraisal demand. This is a problematic claims handling issue under the Texas Insurance Code. Also, problematic form the claims handling standpoint, on August 5, 2022, Plaintiff's representative asked for the underwriting documentation due to Westchester's coverage decision denying the claim based on the position that the hail damage to Plaintiff's roof confirmed by Westchester's own engineer pre-dated Plaintiff's 2021-2022 policy and was due to a May 2011 storm. But, to this day, it does not appear Plaintiff received any underwriting related documents from Westchester.

18. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

## V.  CAUSES OF ACTION

### CAUSES OF ACTION AGAINST WESTCHESTER

**A.   BREACH OF CONTRACT**

19. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Westchester's insurance contract with Plaintiff.  Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands.  Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Westchester, pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, personal property damage, attorneys' fees, prejudgment interest, other litigation expenses and cost of court.

**B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES**

20. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's conduct constitutes multiple violations of Texas Insurance Code Chapter 541 and particularly TEX. INS. CODE §541.060(a).  All violations under this Chapter are made actionable by TEX. INS. CODE §541.151.

21. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  *See* TEX. INS. CODE §541.060(a)(1).

22. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  *See* TEX. INS. CODE §541.060(a)(2)(A).

23. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  *See* TEX. INS. CODE.§541.060(a)(3).

24. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  *See* TEX. INS. CODE §541.060(a)(4).

25. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  *See* TEX. INS. CODE §541.060(a)(7).

C. **NONCOMPLIANCE WITH TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLAIMS**

26. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's

conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. All violations made under this Chapter are made actionable by TEX. INS. CODE §542.060.

27. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

28. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's failure, as described above, to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of a claim and a violation of TEX. INS. CODE §542.056.

29. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester's delay of the payment of Plaintiff's claim as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of a claim and a violation of TEX. INS. CODE §542.058.

### D.   DECEPTIVE TRADE PRACTICES

30. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. At all times pertinent, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, referred to as the Deceptive Trade Practices-Consumer Protection Act ("DTPA.")

31. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester and

its agents violated provisions of the DTPA including the following:

1. violations of the Texas Insurance Code as set forth above;

2. representing that the Policy had benefits which it did not have;

3. representing that the Policy conferred or involved rights and remedies that it did not have;

4. promulgating and selling a Policy which is worthless, provides little or no coverage, and is illusory;

5. misrepresenting the terms of an agreement;

6. representing that the Policy had characteristics, standards or coverage which it did not have;

7. failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and

8. engaging in an unconscionable act or course of action.

32. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. The deceptive acts and practices herein were in connection with Plaintiff's purchase of and claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as alleged herein to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff. As a result of the conduct of Westchester's, Plaintiff has suffered damages including, without limitation, actual, economic and consequential damages.

33. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to TEX. BUS. & COMM. CODE §17.50(b)(1).

### E.  BAD FAITH

34. Plaintiff incorporates paragraphs 6, 7 and 17 by reference. Westchester has refused to pay or has delayed paying a claim after liability has become reasonably clear. Westchester has refused to pay, delayed paying or has offered grossly inadequate and unconscionable sums to settle the claim submitted by Plaintiff. This constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts. Therefore, Westchester has acted in bad faith.

## VI.  KNOWLEDGE AND INTENT

35. Each of the Defendant's acts described above, together and singularly, were done "knowingly" and "intentionally" and were a producing cause of Plaintiff's damages described herein.

## VII.  DAMAGES

36. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

37. For breach of contract, Plaintiff is entitled to regain the benefit of Defendant's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

38. For noncompliance with Texas Insurance Code §541, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times the actual damages. *See* TEX. INS. CODE §541.152.

39. For noncompliance with Texas Insurance Code §542, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the

amount of such claim as damages, together with attorney's fees. *See* TEX. INS. CODE §542.060.

40. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

41. For noncompliance with Texas Insurance Code §542, Plaintiff is entitled to economic damages, which include the amount of benefits wrongly withheld. For knowing conduct violations, with regard to these breaches of duty, Plaintiff is entitled to damages for mental anguish, and Plaintiff also asks for three times the economic damages. For intentional conduct violations, with regard to these breaches of duty, Plaintiff is entitled to economic damages and damages for mental anguish, and Plaintiff asks for three times the amount of economic and mental anguish damages. Plaintiff is also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE §17.50(b)(1).

42. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of attorneys. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.  CONDITIONS PRCEDENT

43. All conditions precedent for Plaintiff to recover under the Policy have been or will be met.

## IX.  JURY DEMAND

44. Plaintiff hereby requests that all causes of actions alleged herein be tried before

a jury consisting of citizens residing in Dallas County, Texas. Plaintiff has tendered the appropriate jury fee.

## X. PRAYER

45. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover from Defendant such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages and exemplary/punitive damages under common law, the Texas Insurance Code and the DTPA. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this cause, for all costs of Court, for prejudgment and post-judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: /s/ *David L. Chumbley*
    David L. Chumbley
    State Bar No. 24032069

LAW OFFICES OF DAVID L. CHUMBLEY, P.C.
12001 North Central Expressway, Suite 650
Dallas, Texas 75243
Telephone: (972) 516-8808
Telecopy: (214) 303-4501
Email: davidchumbleypc@gmail.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing instrument was duly served pursuant to the FEDERAL RULES OF CIVIL PROCEDURE *via e-file* on the following counsel of record on this __22nd__ day of June 2023.

Stephen P. Pate
COZEN O'CONNOR
LyondellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

    /s/ *David L. Chumbley*
    David L. Chumbley